## IN RE JOHN W. BUCHANAN.

St. Louis Court of Appeals, December 13, 1887.

ATTORNEYS-AT-LAW—REMOVAL AND SUSPENSION FROM OFFICE.—Under the statute concerning removals and suspensions from practice of attorneys, the alternative judgment of suspension should be rendered only where mitigating circumstances are shown, otherwise the only proper judgment is that of removal.

APPLICATION to remove attorney from practice for malpractice.

*Application sustained.*

ROMBAUER, J., delivered the opinion of the court.

A written statement was presented to this court May 20, 1887, supported by the oath of John W. Sharpe, charging that John W. Buchanan, an attorney-at-law, duly licensed to practice law in this state, has been guilty of malpractice. The offence charged is, that, on or about June 8, 1883, said Buchanan, as attorney of C. M. Switzer, collected from D. D. Woodward, the sheriff of Audrain county, one hundred and thirty-one and $\frac{50}{100}$ dollars, money of the said Switzer, and that, although demand was frequently made of him for said money since, by said Switzer, he has refused, and still refuses, to pay said money, or any part thereof.

A citation was thereupon issued, accompanied with a copy of the charges presented, and served upon said Buchanan, commanding him to appear before us on the fourth day of October last, and show cause, if any he had, why he should not be suspended from the practice of his profession, or removed from the bar of the state.

On the return day of the citation the respondent filed his return, admitting that he had collected the money as charged in the statement, and that he had

refused to pay it over, and assigned as sole ground for such refusal that Switzer was indebted to him for outlays in attending to his business, time and attention to his business, examining records, directing levies, and bringing proper suits to enforce the collection of said executions, in the sum of one hundred and fifty dollars, the services so rendered being reasonably worth said sum.

This return was denied by reply. The cause was set for hearing October 21, 1887, and its hearing was, on that day, and repeatedly since, laid over for the respondent's accommodation until December 6. On none of these days set apart for the hearing of the cause did the respondent appear in person.

The cause was peremptorily called for hearing December 6. Although the relator might have rested on the admissions contained in the respondent's return, he preferred to substantiate charges of so grave a character by affirmative proof. It appears, from the evidence adduced by the relator, that, in March, 1883, the respondent was engaged, upon his own solicitation, to assist in the collection of a certain judgment recovered by John W. Sharpe against James Johnson and Henry C. McPike, and that he was informed, prior to his engagement, that his compensation could, in no event, exceed ten per centum upon the amount realized. It further appeared that an execution was thereupon issued upon such judgment, to the use of C. M. Switzer, directed to the sheriff of Audrain county, and that such execution, by the direction of the respondent, was levied by said sheriff, in March, 1883, on the interest of the defendants in the execution in certain lands in Audrain county.

It further appeared that, the day prior to the sale under said execution, the respondent wrote to Switzer's counsel in St. Louis : " Should I become the purchaser of the land to-morrow I will have deed made as requested, and draw on you for costs of sale, and have balance of purchase money placed to credit of execu-

tion. If I should not buy, I will send check to you from Mexico." This letter bears date June 7, 1883. June 8, 1883, the lands were sold, other parties becoming purchasers, and the net amount realized, $131.50, was paid over by the sheriff to the respondent, as attorney for Switzer.

This amount the respondent failed to remit; nor did he, at any time prior to December 3, 1886, assign any cause for his failure to do so, or claim, as far as the evidence shows, that he was entitled to retain any part thereof in excess of the ten per centum above mentioned, although repeated requests were made upon him to remit.

The statute provides that "any attorney or counsellor-at-law who shall be guilty of * * * improperly retaining his client's money, * * * may be removed or suspended from practice upon charges exhibited and proceedings thereon had."

The statute further provides that, "in all cases of conviction the court shall pronounce judgment of removal or suspension, according to the nature of the facts found."

The offence charged, if found true, is sufficient to work a removal. If found true, without any palliating circumstances, the only judgment the court can properly pronounce is that of removal, because the judgment must be pronounced according to the nature of the facts found. No mitigating circumstances have been shown in this case, although every opportunity has been afforded the respondent to adduce them if they existed. The charge has been established by uncontroverted evidence.

It is, therefore, ordered and adjudged by this court that the respondent, John W. Buchanan, be and is hereby removed from the bar of the state of Missouri as an attorney-at-law. Judge Thompson concurs. Judge Lewis is absent.